part of the amount adjudged upon the accounting to be remaining for distribution, since by the very terms of the decree the amount so awarded was payable, not by the administrator, personally, but out of the fund with which he stood charged.

For the reasons stated, the judgments of the trial and general terms of the court below in each action should be affirmed, with costs. All concur.

(20 Misc. Rep. 291.)

## HAUPT v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. May 27, 1897.)

RAILROADS—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

Plaintiff's wagon was struck by a locomotive while he was driving it across defendant's tracks. There were four tracks at the crossing. The first track was used for storing cars; the second, for running north-bound trains; and the third, for running south-bound trains. Plaintiff testified that his view of the track in both directions was obstructed by cars standing on the first track; that he stopped and listened before he went on the tracks, but heard nothing; that, as he came into view of the second track, he looked to the south; that, while so looking, his horses reached the third track; that he then looked to the north, and saw the train approaching; and that he had time only to turn his horses off the track before the engine struck the front wheel of the wagon, and caused plaintiff to fall. *Held,* that the question of contributory negligence should have been submitted to the jury.

Appeal from city court of New York, general term.

Action by Carl F. Haupt against the New York Central & Hudson River Railroad Company. From an affirmance of a judgment rendered at trial term for the dismissal of the complaint (42 N. Y. Supp. 477), plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Otto Kempner, for appellant.

Ira A. Place, for respondent.

BISCHOFF, J. This was an action for negligence, and at the close of the plaintiff's evidence the complaint was dismissed for insufficiency of proof that the plaintiff was not chargeable with negligence contributing to his injury, the facts having been made to appear substantially as follows: The defendant maintains four tracks for the operation of its railroad, west of 12th avenue, at a point where they are intersected at right angles by 134th street, a public crossing. The tracks run north and south, and, as approached from the east, the first is used for storing empty cars; the second, for the running of north-bound trains; the third, for south-bound trains; and the fourth, again, for cars not in operation. At about 6 o'clock in the morning of February 6, 1895, the plaintiff, driving a brewery wagon westerly along 134th street, sought to cross these tracks; but upon coming to the first track he was unable to observe the situation on either side, because of the presence of empty cars standing upon that track in such a manner that a space of but 25 feet at the crossing was left between them. He stopped and listened at this point, but heard no sound of warning, and then proceeded slowly

across the first track, looking to the south as he came in view of the second track, but finding it clear. Still proceeding, and while looking only to the south, he came to the third track, and not until his horses were upon it did he look to the north. He then discovered the immediate proximity of a south-bound train, and had time only to swing his horses to the south before the engine struck the front. wheel of the wagon and caused him to be thrown. When he looked to the north, his wagon was upon the second track, the horses being, as stated, upon the third; and, from the nature of the situation, it appears that he could not have seen a train approaching upon either until the wagon had reached this second track, with the horses, necessarily, very close to the third. His testimony was that the standing cars cut off the view of approaching trains completely, but that it was possible for him to see a train coming after he had passed the first two tracks. It is readily seen that his first immediate danger, after he had passed the unused track, was to be expected from trains approaching from the south upon the second track; and his first look was naturally to the south at his earliest opportunity, which arose only when the wagon was actually upon the track of the north-bound trains. Finding this track clear, his attention was next to be turned to the south-bound track; and he did turn his attention to it, but not until his horses reached that track, and then the collision, it appears, could not be avoided. It is not to be overlooked that the engine struck the front wheel of the wagon, but this is not inconsistent with the plaintiff's testimony that when he looked north his horses only were upon the third track, since his sudden attempt to swing the horses to a place of safety may well have brought the wagon nearer to the train than it was before; and upon an appeal of this character the plaintiff is entitled to all favorable inferences which may reasonably be drawn from the evidence. Harris v. Perry, 89 N. Y. 308.

To support this judgment, it becomes necessary to hold that the jury could not find the plaintiff free from contributory negligence upon the facts detailed; and this involves the proposition that his failure to look towards the north until his horses were upon the south-bound track was contributory negligence, as matter of law, precluding the possibility that any reasonable mind could reach a contrary conclusion, and thus find that the care to be expected of an ordinarily prudent person had been exercised under the circumstances of the case. We think that there was room for an allowable finding that this plaintiff had used due care in his attempt to cross these tracks, in view of the situation in which he was placed by the defendant's act in so maintaining the place of crossing that not until the tracks were partially crossed could approaching trains be seen. Here there was no failure upon the part of the plaintiff to look in both directions. When he could look, he did, and, perhaps, if he had looked first to the north, he might have avoided harm; but in so doing he would have risked a more imminent danger, from the possible approach of a train upon the very track which formed his first available point of observation. Until upon the north-bound track, he could see nothing; and, naturally, when upon it he was

sedulous first to guard against the more present risk. Since his wagon must needs have been upon this track at the time, the horses could have been but little, if at all, distant from the next track,— that used by the colliding train; and it may be that a nice calculation by the plaintiff might have led to his getting a view of both tracks, from his seat over one of them, while still keeping his horses out of the direct line of the train running upon the other. The law, however, did not hold him to the exercise of extraordinary care; and, while he was required to look in each direction, he was not called upon to do so before he reached the tracks, if the situation, of the defendant's own making, rendered it impossible for him to see anything until he was upon them. The testimony is that no sound of warning was given, and the person thus using this highway was called upon, by the situation created, to rely upon what he could see only. To say that the plaintiff was negligent, as matter of law, because be failed to keep his horse clear of the south-bound track while he looked for a train approaching upon it, under these circumstances, would be to say that all the duty of avoiding an accident rested upon him, to the exclusion of any duty upon the defendant's part, and this is not the law. Waldele v. Railroad Co., 4 App. Div. 553, 38 N. Y. Supp. 1009. The general rule is that the question of contributory negligence is for the jury, unless the plaintiff's carelessness appears so clearly that under no aspect of the evidence could he be found free from fault. Parson v. Railroad Co., 113 N. Y. 364, 21 N. E. 145; Greany v. Railroad Co., 101 N. Y. 419, 5 N. E. 425. And, while many cases might be cited in which a nonsuit has been upheld because of the plaintiff's failure to look for danger at the proper point before crossing the line of a railroad, all such cases deal with a situation in which the failure to look was reconcilable only with a failure to exercise the care due from a reasonably prudent person. In general, these cases have to do with the act of a pedestrian; but in no case has it been held that the driver of a wagon, when placed in a situation in which his first view of the tracks comes only when he is upon them, must at his peril keep the horses clear of the second track until satisfied that there is no train aproaching upon either.

It is claimed that the nonsuit was proper, in any event, because the negligence of the defendant was not shown; but this contention is entirely without merit, since from the testimony that no warning was given at this very dangerous crossing, either by the train or by the presence of a flagman, such as the circumstances might readily be taken as calling for, sufficient proof of negligence was apparent to require the submission of the case to the jury. Byrne v. Railroad Co., 104 N. Y. 362, 10 N. E. 539; Vandewater v. Railroad Co., 135 N. Y. 583, 32 N. E. 636.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.