(20 Misc. Rep. 635.)

RALLI et al. v. WHITE.

(City Court of New York, General Term. June 30, 1897.)

1. LLOYDS INSURANCE POLICY—ACTION AGAINST UNDERWRITER.

Defendant was a member of a firm which was originally attorney in fact of several underwriters under a Lloyds fire insurance policy. Before the issuance of the policy in suit, the defendant and his partner ceased to be attorneys in fact for the underwriters; and another firm, neither of the members of which was an underwriter, was made such attorney in fact. *Held,* that the action was properly brought against defendant who was one of the underwriters.

2. SAME—PROOF OF LOSS.

After the issuance of a Lloyds policy, a change took place in the membership of the underwriters, and the office which was theretofore occupied by the former attorneys in fact of the underwriters became occupied by a firm advertising as such attorneys in fact. At the time of the fire, notice was telegraphed to this office, to the original attorneys in fact, and receipted for by the new attorneys in fact, who acknowledged to the policyholder the receipt of the telegram. The loss was adjusted by the adjuster appointed by the new attorneys in fact on behalf of the Lloyds. *Held,* that the insurers, the Lloyds, by enabling the new attorneys in fact to hold themselves out as such, were liable for their acts, and were estopped to deny that they were their attorneys and authorized to receive proofs of loss.

Appeal from trial term.

Action by Pandia C. Ralli and another against Arthur White. From a judgment entered on the decision of the court upon a trial without a jury, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

William C. Beecher, for appellant.

Charles Wehle, for respondents.

O'DWYER, J. The action was brought upon a Lloyds fire insurance policy, in which the defendant was one of several underwriters, and upon this appeal two propositions were advanced by the appellant: First, that the action cannot be maintained against this defendant, but that the action should have been brought against the firm of Beecher & Co., the attorneys in fact, under the policy of insurance described in the complaint, for this defendant and all of the underwriters upon the said policy; and, second, that no proofs of loss were served or notice sent to Beecher & Co. as required by the policy.

As to the first proposition, it appears that originally the defendant, Arthur White, and William C. Beecher composed the firm of Beecher & Co., and were the attorneys in fact of the several underwriters. Subsequently, and before the issuance of the policy sued on in this action, both the defendant and William C. Beecher ceased to be the attorneys in fact for the underwriters, and one Henry B. Beecher and Vincent R. Schenk, under the firm name of Beecher & Co., became the attorneys in fact for the underwriters. Neither member of this firm was an underwriter. Hence, under the authority of Knorr v. Bates, 14 Misc. Rep. 501, 35 N. Y. Supp. 1060, this action is properly brought against this defendant. In the case cited, the condition operated to prohibit the maintenance of any action against the underwriters, and left the insured to an action against the attorneys in fact, who ap-

peared to have no connection contractually with the underwriters' obligations, and against whom an action could not be maintained, apparently. We have read the case of Stieglitz v. Belding (decided by the appellate term since the submission of this case) 45 N. Y. Supp. 670, and we are of the opinion that that case is authority for applying to this case the rule laid down in Knorr v. Bates, supra.

As to the second proposition, the proofs show that, after the issuance of the policy sued upon, some change took place among the membership of the underwriters, and that the office where the defendant conducted his business, and which was theretofore occupied by Beecher & Co., became occupied by a firm known as Henry Edwards & Co., advertising themselves as attorneys in fact for the Metropolitan Lloyds of New York City, and that at the time of the fire notice was telegraphed to Beecher & Co., at this office, 44 Cedar street, New York, and in answer thereto they received a notice from Menken Bros., attorneys at law, for Henry Edwards & Co., that their telegram to Beecher & Co. had been placed in their hands by Messrs. Henry Edwards & Co., who are now the general managers and attorneys for the Metropolitan Fire Lloyds of this city; also, that the loss was adjusted by an adjuster authorized by Henry Edwards & Co. on behalf of the Metropolitan Lloyds. The provision of the policy to the effect: "If fire occurred, the insured shall give immediate notice of any loss thereby, in writing, to the attorneys of the underwriters, * * * and, within sixty days after the fire, shall render a statement of the loss," etc., and that "the loss shall be payable sixty days thereafter,"—has reference to matters which occurred after the contract had been made and the loss had occurred, and must be liberally constructed in favor of the plaintiffs. After a fire has taken place, and liability is fixed by a loss, the mode by which such loss is to be adjusted is by giving notice of the same to the insurer, and serving him with proofs of loss, which means an uncorroborated, informal assertion of the party in interest, so that the company may be in a position to investigate the cause of the fire and account of the loss, or take such steps to preserve the property, if partially injured, and make salvage in reference thereto. It is well settled that a liberal construction must be given to clauses in a policy of insurance in reference to procedure after a loss has accrued, and the rights of the parties been fixed by the terms of the policy. In McNally v. Insurance Co., 137 N. Y. 389, 33 N. E. 475, the court said:

"These conditions which relate to matters after the loss have for their general object to define the mode in which an accrued loss is to be established, adjusted, and recovered after the reciprocal rights and liabilities of the parties have become fixed by the terms of the contract, and are to receive a more liberal construction in favor of the insured. In determining the liability of the defendant, it is entitled to the benefits of the contract, fairly construed, and can stand upon all of its stipulations. But when its liabilities have become fixed by the capital fact of a loss, within the range of the responsibility assumed by the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions and stipulations which prescribe the formal requisites by means of which this accrued right is to be made liable for his indemnification. A liberal and reasonable construction of the stipulations of the contract which prescribe the formal acts on the part of the insured necessary to the recovery of the loss is sanctioned and required by the rule of law."

In Wehle v. Association, 11 Misc. Rep. 36, 31 N. Y. Supp. 865, the general term of the superior court held:

"That the conditions upon which the defense is based operate upon the contract of insurance subsequent to the fact of a loss, and must therefore receive a liberal and reasonable construction in favor of the insured, under the contract."

The defendant, Insurance Lloyds, by enabling Henry Edwards & Co. to hold themselves out as the attorneys in fact for the subscribers, and by enabling them to receive the notice of the fire and to answer the same, are, and must be held, liable for the acts of the said. Henry Edwards & Co., and are estopped from denying that Henry Edwards & Co. were the attorneys for the defendant. Assuming that it was error on the part of plaintiffs' assignors to direct the proof of loss to Henry Edwards & Co., that error was caused by the acts of the defendant's organization; and, if one of the two parties is to suffer, it is the defendant, who by its acts caused the error. It is a settled doctrine of law of agency in this state that where the principal has clothed his agent with power to do an act, upon the existence of some extrinsic fact necessarily and peculiarly within the knowledge of the agent, and of the existence of which the act of executing the power is itself a representation, a third person, dealing with such agent in entire good faith, pursuant to the apparent power, may rely upon the representation, and the principal is estopped from denying its truth, to his prejudice.

The judgment appealed from should be affirmed, with costs.

CONLAN, J., concurs.