### VAN NOSTRAND et al. v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. RAILROAD CROSSING—ACCIDENT—EVIDENCE—CONFLICT.

   Evidence of one stationed and alert for the purpose of looking and listening for the approach of trains and giving warning thereof, that he neither heard nor saw an approaching train, is not mere negative evidence that no warning of approach was given, and, where corroborated and contradicted, and the conflict is passed on by the jury, the judgment rendered on the verdict will not be reversed on appeal.

2. SAME—CONTRIBUTORY NEGLIGENCE—FINDING.

   Where a railroad company has created such conditions by the interposition of cars on a siding, though for plaintiff's convenience in unloading, as to prevent a view of its tracks, and the driver of plaintiff's wagon, seeking to cross the tracks, obeys the instructions of a fellow workman stationed to look and listen for approaching trains, the jury's finding that no negligence of the driver contributed to an accident in which the horses and wagon were struck by a passing train is sustained by the evidence.

Appeal from municipal court, borough of Queens, Second district.

Action by Benjamin W. Van Nostrand and another against the Long Island Railroad Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Alfred A. Gardner, for appellant.
Clarence Edwards, for respondents.

HIRSCHBERG, J. The plaintiffs sue to recover the value of two horses killed, and damage done to a wagon and harness, through a collision at a highway crossing of the defendant's tracks in the daytime. The tracks run north and south, and the horses were being driven across on the highway from the east. The train which struck them was on the furthest, or south-bound, track. East of the tracks, parallel with and very close to them, was a freight siding, on which a number of cars, filled with broken stone, were standing at the time, and which the plaintiffs' men were unloading. Eight men were engaged at the work, with four teams. The siding was north of the highway crossing, and ended at about the crossing with a "stoppage" constructed at the south end of the siding track. The stone cars had been driven against the "stoppage," breaking it away, and, as a consequence, the most southerly car had been derailed, and was half its length on the highway and across the easterly side of the crossing. At the time of the accident, two wagons, just loaded with stone, were about to cross the railroad tracks. The accident occurred to the second one. There were two trains due going in either direction five minutes apart, but which on the day in question chanced to pass at this crossing at about the same time. The driver of the first of the two wagons crossed the easterly, or north-bound, track just before the first train passed, but the driver of the second wagon stopped to let the train go by, and, after it had passed, started to cross the westerly, or south-bound, track, when the horses were struck by the train on that track coming from the north.

On the question of defendant's negligence, evidence was given tending to show that there was no signal or warning given by the train which did the damage. The location of the car across the highway and the train on the first track prevented the driver from seeing the train upon the second track, but one of the men was stationed on the top of one of the stone cars, on the watch, and ready to give instant warning. He did not see or hear the approach of the train which caused the injury, and, although on the alert for a signal of its coming, heard no bell rung or whistle blown until just as it was about to strike the horses. This evidence was both corroborated and contradicted, and the verdict decides the conflict in favor of the plaintiffs. It distinguishes the case from those on which the appellant relies, such as Culhane v. Railroad Co., 60 N. Y. 133, 137, in that evidence that no warning was heard is not mere negative evidence when given by one who is stationed for the purpose of hearing, and is on the alert to hear. The evidence justified the jury in finding the driver blameless. Being unable to see the cause of the obstruction created by the car upon the highway, he heeded the warning given him by the workman stationed on the car to "hold on; let it pass first," in reference to the train on the first track. This fellow workman knew that five minutes should pass before the time for the other train, and, not seeing or hearing it, gave no further warning. The driver consequently drove upon the second

track as soon as the first train had passed, and the horses were struck immediately. In the driver's case the situation was somewhat akin to that presented in Haupt v. Railroad Co., 20 Misc. Rep. 291, 45 N. Y. Supp. 666, in which it was held by the appellate term that the driver of a wagon about to cross railroad tracks is not called upon to look in both directions before reaching the tracks, if the situation created by the railroad company renders it impossible for him to see anything until he is upon them; and that if, because of a situation so created, his first view of the tracks comes only when he is upon them, he is not required, at his peril, to keep his horses clear of the second track until satisfied that there is no train upon either. The question was one of fact, and not of law, and it is plain that the jury was free to conclude, in view of the obstruction of the crossing, which the defendant had itself created, that the driver acted as a person of ordinary prudence similarly situated would be likely to do. This conclusion would not be affected by the fact, if it be a fact, that the stone cars were placed where they were for the plaintiffs' benefit and accommodation in unloading them. The duty of exercising reasonable care would still be required of each party, and its performance would be measured and regarded in the light of the physical surroundings. No error is found in the rulings of the court, and the judgment is to be affirmed.

Judgment of the municipal court affirmed, with costs. All concur.