### Peter F. Young v. Mueller Bros. Art & Manufacturing Company.

#### Gen. No. 12,059.

1. AGENT—*when person dealing with, not bound to ascertain extent of authority of.* If a general agent exceed his authority, the principal is bound provided the agent acted within the ordinary and usual scope of the business he was authorized to transact, and the party dealing with the agent did not know that he exceeded his authority.

2. JUSTICE OF THE PEACE—*upon what jurisdiction of, depends.* In an action to recover money the jurisdiction of the justice depends upon the amount claimed by the plaintiff in the summons.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 22, 1905. Rehearing denied January 5, 1906.

**Statement by the Court.** This is an appeal from a judgment for $200 recovered by appellee against appellant in an action upon a Lloyd's policy of insurance. The action was brought before a justice of the peace and taken to the Circuit Court by appeal.

Appellant gave to R. S. Shute a power of attorney authorizing Shute for him and in his name to make, sign and issue fire, marine and tornado policies of insurance, to be known as the policies of the Rock River Fire Underwriters, upon property wherever situated. The power of at-

torney gave to Shute full power and authority to act for appellant in the matter of issuing such policies, fixing rates, collecting premiums, adjusting and paying taxes, appointing agents and in other matters connected with the business of issuing such policies, and contains a general grant of power and authority to do all and every needful and proper act and thing in and about the premises therein specified which appellant could personally do. The power of attorney provided that in no case should the liability of appellant upon one policy exceed $250.

Appellee paid to an agent of Shute a premium of $28.88 and received a policy at the top of which were printed the words "Rock River Fire Underwriters at Chicago." This policy states that in consideration of said premium, etc., "We, the undersigned individuals, as separate underwriters, each represented by and acting through Shute & Co., hereinafter called the attorneys, and each individual acting separately and not for each other or for any of the others, insure Mueller Bros. Art & Manufacturing Co., amount not exceeding $1,000," etc.

It purports to be the policy of ten underwriters, one of whom was appellant, and to have been executed for them by their attorney R. F. Shute subscribing their names thereto.

GEORGE G. BELLOWS, for appellant.

ADLER & LEDERER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

It is admitted that the property insured was destroyed by fire within the time covered by the policy and that proper proofs of loss were made. The sole contention of appellant is that because by the terms of the policy to which his name was signed by Shute he became liable, severally, for the full amount of the policy, $1,000, when his power of attorney to Shute provided that in no event should he be liable for more than $250 upon any one policy, he was not liable upon said policy in any amount whatever. That as

96    Appellate Courts of Illinois.

Vol. 124.]    Young v. Mueller Bros. Art & Mfg. Co.

between appellant and Shute the power of attorney did not authorize Shute to make or issue the policy sued on must be conceded.

The power of attorney constituted Shute the general, not the special agent of appellant in the business of making and selling policies of insurance. The authority was general to issue all kinds of policies upon all kinds of property wherever situated, to fix rates, adjust and pay taxes, procure insurance, appoint agents, etc., etc. When appellant constituted Shute his general agent to transact for him the business of making and issuing fire, marine and tornado insurance policies, throughout the United States and Canada, third persons had the right to suppose that Shute possessed the power and authority usually vested in general agents authorized by insurers to issue policies of insurance and were not bound at their peril to examine the power of attorney given by appellant to Shute to ascertain what limitations of power, if any, were contained therein. "If a general agent exceed his authority the principal is bound provided the agent acted within the ordinary and usual scope of the business he was authorized to transact and the party dealing with the agent did not know that he exceeded his authority." 1 Parsons on Contracts, 41; Continental Ins. Co. v. Ruckman, 127 Ill., 364; Lightbody v. N. A. Ins. Co., 23 Wendell, 17; Ralli v. White, 21 Misc. (N. Y.), 285.

We think that appellant was liable to appellee upon the policy sued on.

The demand of the plaintiff as stated in the summons issued by the justice of the peace was "for a demand not exceeding $200." The jurisdiction of the justice depends upon the amount claimed by the plaintiff in the summons. Raymond v. Strobel, 24 Ill., 113; Hull v. Webb, 78 Ill. App., 617.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*