SCHILBRCH, Respondent, vs. INTER-OCEAN CASUALTY
COMPANY, Appellant.

*February 8—March 6, 1923.*

*Health and accident insurance: Parol contract: At common law:*
*Under statute: Delivery of policy to person not in good*
*health.*

1. At common law a contract for accident or health insurance
   could be made by parol.
2. In view of sub. 1, 2, and 9, sec. 1960, Stats., relating to the
   issuance of health or accident insurance policies, a parol
   contract for accident and health insurance is invalid. *Will-*
   *iams v. Travelers Ins. Co.* 168 Wis. 456, followed.
3. Where plaintiff applied for a·health and accident policy and
   paid the required .application fee and premium to insurer's
   agent, who assured him that the insurance was then in force,
   but the application provided that the policy should not be in
   force until delivered to insured while he was in good health
   and free from all injury, and the plaintiff was injured in an
   automobile accident before the delivery of the policy, the
   insurer was not liable.

APPEAL from a judgment of the circuit court for Mara-
thon county: A. H. REID, Circuit Judge. *Reversed.*

Action by the insured to collect payments alleged to be
due according to the terms of an oral agreement for ac-
cident insurance.

On October 26, 1921, plaintiff paid $9.60 to defendant's
agent and received the following receipt:

"Application fee, $3. . Required premium, $6.90. Re-
ceived of Ben Schilbrch an application for a policy in the
*Inter-Ocean Casualty Company,* the first required premium
and the application fee above specified. Should the com-
pany decline to issue the policy applied for, I do hereby agree
to refund the above sums to said applicant.

"Premiums are due in advance, and said first premium is
collected to cover the insurance from date of policy until the
date next premium falls due. John M. Wyro, Agent."

The application for the policy referred to contained a
provision stating that the policy should not be in force until

Schilbrch v. Inter-Ocean Casualty Co. 180 Wis. 120.

delivery to the insured while he was in good health. The application was neither signed nor marked by plaintiff, his name being written in the proper place by the agent.

The insurance policy was dated October 29, 1921. Defendant's agent testified that he received it on November 3d, countersigned and mailed it to plaintiff at once. It was received by plaintiff about a week later.

Plaintiff testified that he was unable to read and write; that defendant's agent told him when he gave him the receipt that he was then insured; and that he did not understand that he was to get any policy. It appears that on October 30th plaintiff was injured in an automobile accident, was treated at a hospital for some time, and that for a time after he was discharged he required medical attention.

On behalf of the defendant it was testified that plaintiff heard the agent talking to others and requested that a policy be issued to him; that plaintiff was told that the policy would not take effect until delivered to him while he was in good health; that it would be a few days before the policy would be delivered to him; and that plaintiff understood he was to put his mark on the policy, but that this, by inadvertence, was omitted.

The jury found, in substance, that when the application was made out plaintiff did not understand fully the contents; that plaintiff at the time of making out the application did not understand that a policy was to be issued later which would take effect only upon delivery to him while he was in good health; that defendant's agent stated to plaintiff, at the time of receiving the premium, that he was insured and entitled in case of accidental injury to $2 per day and necessary doctor fees; and that plaintiff by reason of his injury was disabled for seventy-two days.

Judgment was ordered in favor of plaintiff for $224.03.

*A. H. Eberlein* of Wausau, for the appellant.

*James P. Riley* of Wausau, for the respondent.

Jones, J.   The question here involved is whether in this state oral contracts for accident and health insurance are valid.   In a careful and able opinion the trial judge came to the conclusions (1) that at common law such contracts may be legally made, and (2) that there is no statute in Wisconsin changing the rule.

With the first conclusion we fully agree.   In the early stages of insurance contracts they were generally made by parol, but as they became more numerous and complicated, to avoid the misunderstandings which frequently arose resort was had to written contracts, and they have gradually so superseded oral agreements that the latter have become comparatively rare.

Nevertheless their validity has been sustained in this state (*Zell v. Herman F. M. Ins. Co.* 75 Wis. 521, 44 N. W. 828; *Mathers v. Union Mut. Acc. Asso.* 78 Wis. 588, 47 N. W. 1130; *Whitman v. Milwaukee F. Ins. Co.* 128 Wis. 124, 107 N. W. 291) ; and generally in other states, in the absence of statutory regulations to the contrary, not only completed agreements of insurance but also agreements to insure may be by parol.   1 Joyce, Ins. (2d ed.) § 31 *et seq.;* 1 Cooley, Briefs on Ins. 391.

With the second conclusion of the trial judge we are not able to agree.   The following section of our statutes is referred to in his opinion as applicable to the case:

"On and after the first day of January, 1914, no policy of insurance against loss or damage from the sickness, or the bodily injury or death of the insured by accident shall be issued or delivered to any person in this state until a copy of the form thereof and of the classification of risks and the premium rates pertaining thereto have been filed with the commissioner of insurance; . . ."   Sub. 1, sec. 1960, Stats.

Sub. 2 of the same statute contains the conditions as to the terms of the policy, the form in which it shall be printed,

including the exceptions. The following paragraph was also referred to and relied on:

"A policy issued in violation of this act shall be held valid but shall be construed as provided in this act and when any provision in such policy is in conflict with any provision of this act the rights, duties and obligations of the insurer, the policy-holder and the beneficiary shall be governed by the provisions of this act." Sub. 9, sec. 1960, Stats.

We find comparatively few decisions in other states where the precise question before us has been decided. Under a statute quite different from our own it was held in quite an elaborate opinion that a parol agreement for accident insurance was valid although the statute contained the following language:

"And if the insurance commissioner shall notify any company of his disapproval of any form of policy, it shall be unlawful for such company to issue any policy in the form so disapproved." *Massachusetts B. & Ins. Co. v. Vance* (Okla.) 180 Pac. 693, 698.

It was held that this part of the statute had no reference to the making of the contract, but was merely intended to give the insurance commissioner the authority to control the form of a policy previously made. In other states it has been held that, although the charter of the company or the statute requires policies to be signed by designated officers, an action may lie for breach of an oral contract to insure. *Sanford v. Orient Ins. Co.* 174 Mass. 416, 54 N. E. 883; *King v. Phœnix Ins. Co.* 195 Mo. 290, 92 S. W. 892.

In New York parol contracts for insurance have been upheld in some cases since the adoption of standard-policy statutes differing in various respects from the Wisconsin statutes above quoted. In Oregon there was a statute providing that after September 1, 1911, no insurance company should issue or deliver any fire insurance policy on property in the state except on certain conditions to be prescribed in

the policy to form a part thereof. Construing the statute the court said:

"Under this statute it could not be lawfully within the contemplation of the parties that any liability should inure against the defendant except upon a contract such as the law prescribes. In other words, requiring, as it does, that any policy, whether original or a renewal, shall contain the statutory conditions, the enactment in question prescribes an exclusive evidence of contract, analogous to such enactments as the statute of frauds. Oral contracts of insurance are impossible under our statute." *Salquist v. Oregon F. R. Asso.* 100 Oreg. 416, 197 Pac. 312, 313.

The statutes under consideration have been considered by this court in *Lundberg v. Interstate B. M. Acc. Asso.* 162 Wis. 474, 156 N. W. 482, and *Williams v. Travelers Ins. Co.* 168 Wis. 456, 169 N. W. 609, 959. In the *Williams Case,* in an opinion by Mr. Justice ESCHWEILER, the court said (p. 462):

"When the legislature declares, as it has by this section in question, the public policy of the state to be that that which had theretofore been subject to contract between the parties shall hereafter be by certain prescribed forms and with specific conditions concerning the respective rights and duties of the parties thereto, the statutory provisions step in and control and regulate the mutual rights and obligations rather than the provisions of any contract the parties may attempt to make varying therefrom."

In that case different questions were presented, but the language quoted is very pertinent in the construction of the statutes under discussion. Although recoveries have sometimes been allowed on parol agreements for accident insurance, they have been more often refused on the grounds that there had been no real meeting of the minds of the parties, which is of course essential, or on the ground of uncertainty as to the terms of the contract alleged.

It is fair to assume that in enacting the sections of the statute now in question the legislature intended to remove

Schilbrch v. Inter-Ocean Casualty Co. 180 Wis. 120.

such uncertainties and to prescribe for one uniform mode of effecting insurance against accident. It is true, as claimed by plaintiff's counsel, that the statutes do not expressly prohibit this kind of insurance by parol. But much of the language in the statutes referred to seems inconsistent with the idea that parol contracts for this kind of insurance can be legally made.

In some of the cases sustaining parol contracts of insurance it was held, in order to help out the uncertainty of the oral contract, that the parol agreement was merged in the policy afterward issued and governed by its terms. *Hicks v. British American Assur. Co.* 162 N. Y. 284, 56 N. E. 743. In the case before us the application was made a part of the insurance contract and provided that the insurance would not be in force until the payment in advance of the premium and the delivery of the policy to the plaintiff while he was in good health and free from all injury. Since the accident occurred before the delivery of the policy to plaintiff, in good health, under the terms of the written contract the company was not liable.

Sub. 9 above quoted evidently refers to cases where policies have been issued not conforming to the statute, and we think it has no application to this case. In holding that the agreement for health and accident insurance must be in writing, we consider that we are following the legislative purpose and the rule declared in the *Williams Case, supra.* Our decision is confined to the statutes relating to health and accident insurance, and no attempt is made to construe any of the many other statutes in this state relating to insurance.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.