Livesley vs. Lasalette and wife.

AGENCY: *Husband as agent for wife — When agent's declarations not binding on principal.*

REVERSAL OF JUDGMENT: *Judgment against principal and agent reversed, for admission of evidence inadmissible against the principal.*

1. The declarations of an agent, not made at the time of the transaction so as to constitute a part of the *res gestae*, and not authorized by the principal, are not binding upon the latter; and this rule applies where a husband acts as agent of his wife.

2. Thus, where one purchased goods as agent of his wife, his subsequent declarations that they were taken in payment of a note and chattel mortgage held by the wife against the vendor, are not admissible in evidence against *her*, although they might be against *him*.

3. The mortgaged chattels having been seized by the husband as agent for the wife (claiming under the mortgage), it was error, in trespass by the mortgagor against both, to admit such declarations of the husband in evidence.

4. A judgment against defendants is reversed for such error, as to both; since proof of the wife's right would protect the husband while acting as her agent.

APPEAL from the Circuit Court for *Sauk* County.

Action for the alleged wrongful taking and conversion by defendants, *Peter* and *Christina Lasallette*, in January, 1869, of certain personal property, alleged to be the property of the plaintiff. The defendants (who were husband and wife) justified the taking under a chattel mortgage given by the plaintiff to the defendant *Christina Lasallette.* Reply, that the chattel mortgage had been paid before such taking.

On the trial, plaintiff introduced evidence tending to show that prior to the taking in question he had delivered to *Mr. Lasalette*, in October, 1868, in payment of the chattel mortgage mentioned in the answer, a certain amount of hops at a specified price, the whole amounting to more than the debt secured by said mortgage; and that *Mr. Lasallette*, with the knowledge and assent of *Mrs. Lasallette*, gave him a receipt for the hops, which stated that they were "to be applied as payment on the chattel mortgage" [describing it.] Against the objection of the attorney for *Christina Lasallette*, testimony was admitted to show, as against her, that *Peter Lasallette*, at some time subsequent to the transfer of the hops to him, admitted to the witness that he *purchased* the hops, taking them in *payment* of the mortgage, and agreeing that if there should be a rise in the price of hops before the day of the next general election in this state [in November following], plaintiff should have the benefit of such rise. The defendants then introduced evidence tending to show that the hops

were received by *Christina Lasalette* under an agreement that they were to be held as collateral security for the payment of the note and mortgage prior to December 3, 1868. The court instructed the jury, *inter alia*, that if the note and mortgage had not been paid, defendants were entitled to a verdict.

Verdict for the plaintiff; new trial denied; and judgment against both defendants; from which they both appealed.

*Mackey & Lusk*, for appellants, to the point that the admissions of *Peter Lasallette*, not having been made by him while acting as agent of *Christina Lasallette*, nor by her authority, nor in her presence, were not admissible to show that the mortgage was paid, cited *Baptist Church v. Brooklyn Fire Ins. Co.*, 28 N. Y., 153, 160; *Barker v. Binninger*, 14 id., 270; *Hubbard v. Elmer*, 7 Wend., 446, 448, and note (a); 7 Greenl., 421; Story on Con., sec. 135; 2 Abb. N. Y. Dig., 704, secs. 1259, 1263, 1271, 1252; *M. & M. R. R. Co. v. Finney*, 1 Wis., 388, 391; and to the point that his being her husband and a co-defendant did not render his declarations admissible, they cited 2 Abb. N. Y. Dig., 703, sec. 1248; *Stuart v. Kissam*, 2 Barb., 493; *Kimball v. Huntington*, 10 Wend., 675. Were the law otherwise, her separate property would always be jeopardized when she is sued, as the husband must be made a co-defendant with her in all cases where the suit is not between herself and husband. R. S., ch. 122, sec. 15; 15 Wis., 589. The declaration of a co-trespasser, when several are jointly sued, may be given in evidence against himself, at whatever time made; but if not a part of the *res gestae*, their effect is to be restricted to the party making them. 1 Greenl. Ev., sec. 111, note 2 on p. 157, citing *Rex v. Hardy*.

*G. A. Stevens*, for respondent, argued that if *Mrs. Lasallette* wished to raise any objection to the evidence as against herself alone, she should have asked the court distinctly to instruct the jury not to consider it as evidence upon which to base a verdict against *her* (1 Phillipps' Ev., 89; 1 Greenl. Ev., 249; *Johnston v. Homburger*, 13 Wis. 175); that *Peter* was the agent of his

wife in *holding*, as well as in *receiving* the hops, and his declarations, made while the possession continued, defining and characterizing such possession, were admissible as a part of the *res gestae* (C. & H.'s Notes, Note 180; 1 Greenl. Ev., 166–7; 24 Pick. 242; 1 Spiers, 23; 19 Pick., 220); and that when two persons are jointly engaged in the commission of a wrong, the joint design being established, the declarations of either are admissible in evidence against the other. 2 Phil. Ev., C. & H.'s Notes, Note 179; 4 Wend., 335.

DIXON, C. J. It is well settled that the declarations of the agent, to bind or be admissible against the principal, must be made at the time of the act or transaction by the agent, and constitute a part of the *res gestœ ;* or, if not so made, that they must be authorized by the principal. *Mil. and Miss. R. R. Co.*, v. *Finney*, 10 Wis., 391. The defendant *Peter Lasallette* was acting as the agent of his wife, the defendant *Christina*, in the affair of the alleged purchase of the hops in payment of the note and mortgage. His declarations or statements at that time as to the hops being received in payment were admissible against the defendant *Mrs. Lasallette*, but not his declarations or statements made afterwards, unless it was shown that *Mrs. Lasallette* authorized them. The court below ruled, however, as appears from the record, that his declarations subsequently made to the witness Harris were admissible, and might be read as evidence against her, although it was not shown that she either knew of or assented to such declarations. To this objection and exception were taken by counsel in her behalf. We think the ruling and decision of the court clearly erroneous. The power and capacity of a husband when acting as the agent of his wife are no greater than if he were acting as the agent of any other person. It will not do to say, because he is her husband, that he is authorized to admit away the legal rights of his wife in a business or transaction where he once acted as her agent. The rule in such cases must be that which governs in all others, and the

declarations of the husband here ought not to have been received as evidence against the wife, but only against himself.

In this case both defendants appeal.  The declarations were admissible against the husband, but not against the wife.  Can the husband take advantage of the error in not excluding them as against the wife?  The action was trespass for taking and conveying away a mare and lumber wagon, the property of the plaintiff.  Defense, title, or lien, and right of possession of the same property in the wife by virtue of a chattel mortgage executed by the plaintiff to her.  To this the plaintiff replied that the mortgage had been paid by the delivery and receipt of the hops.  Both defendants justified the taking under and by virtue of the mortgage, the wife in her own right, and the husband acting in her behalf, or as her agent.  Should the wife succeed in establishing her defense, it would follow as of course that no cause of action exists against the husband.  No jury could find in her favor and at the same time against him.  This presents a novel state of affairs, and we have been at some loss as to the disposition which should be made of the case.  We have concluded, nevertheless, that the judgment should be reversed as to both defendants, so that on another trial the husband may take the chances with his wife of a verdict in her favor, and not by possibility be left in the anomalous and unjust position of having been found guilty of trespass and punished in damages for doing that for his wife and as her agent, which she was fully justified in doing herself and in authorizing and directing him to do.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.