Isaacson v. Wisconsin Casualty Asso. 187 Wis. 25.

IsAacson, Respondent, vs. Wisconsin Casualty Association, Appellant.

*April 7—May 12, 1925.*

*Insurance: Accident insurance policy: Construction: Notice of injury: To whom given: Exceptions in policy: Character of type: Chiropractor as physician within meaning of policy.*

1. A provision in an accident insurance policy that notice of injury be given to the insurer at a named city, or to any authorized agent of the insurer in such city, is void as not naming the agent in compliance with the alternative statutory form (par. (5), sub. (3), sec. 208.05, Stats.), and notice to any authorized agent was therefore sufficient. p. 27.
2. A paragraph in an accident insurance policy limiting the period of compensation for rheumatism is void under sub. (2), sec. 208.05, Stats., where it was not printed as prominently nor in as large type as the paragraph containing the general sick benefit provision. p. 28.
3. A provision in such a policy for a less sick benefit for a non-house confinement condition than for one confining the insured to house or bed is valid, as is also a requirement that the insured be attended by a "legally qualified physician." p. 28.
4. The parties to an insurance policy may limit or qualify the terms of their contract in any manner not inconsistent with the conditions of the standard form of policy or contrary to public policy. p. 28.
5. Terms used in an insurance policy will be construed in favor of the insured only when their meaning is doubtful. p. 29.
6. A chiropractor is not a "legally qualified physician," within the meaning of an insurance policy requiring that the insured be attended by such a physician to entitle him to sick benefits. p. 30.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Modified and affirmed.*

Action to recover the sick benefit under an accident insurance policy. It appears that plaintiff was wholly disabled and confined to his bed at his home and in a hospital for six weeks and that he was suffering from rheumatism and pleurisy. During this time he was regularly visited weekly or oftener by a legally qualified physician. It also appears that following his confinement at his home and hospital the plaintiff was wholly and continuously disabled from performing any duty pertaining to any business or occupation for six weeks, during four weeks of which time he was under the regular weekly attendance of a chiropractor. Plaintiff gave notice in due time to S. E. Beers, Sun Prairie, who was the authorized agent of the insurer. The policy provided that notice must be given to the company at Green Bay, Wisconsin. The trial court gave judgment for the full amount of the monthly indemnity for sickness while confined to the house and hospital in bed in the sum of $180, and it allowed the plaintiff one third of this sum for the six weeks the plaintiff was not confined in bed or the house but was wholly incapacitated for performing any work, four weeks of which time he was attended by a chiropractor, holding that an attendance by a chiropractor was an attendance by a legally qualified physician. From a judgment entered accordingly the defendant appealed.

For the appellant the cause was submitted on the brief of *Cady, Strehlow & Kaftan* of Green Bay.

For the respondent there was a brief by *Riley & Ohm* of Madison, and oral argument by *Miles J. Riley*.

VINJE, C. J. The defendant claims that a proper notice was not given to it and therefore it is not liable. The policy required that notice be given "To the company at Green Bay, Wisconsin, or to any authorized agent of the company

at Green Bay, Wisconsin." Sec. 208.05, sub. (3), par. (5) of the standard provision form of policy provides:

"(5) A standard provision relative to sufficiency of notice of claim which shall be in one of the following forms and in which the insurer shall insert in the blank space such office and its location as it may desire to designate for such purpose of notice:

"(A):—(5) Such notice given by or in behalf of the insured or beneficiary, as the case may be, to the insurer at ——, or to any authorized agent of the insurer, with particulars sufficient to identify the insured, shall be deemed to be notice to the insurer. . . ."

"(B):—(5) The foregoing paragraph may be changed by inserting in lieu of the words 'any authorized agent of the insurer' the following: '——, agent of the insurer at ——,' and by filling the blank before the word 'agent' with a designation or name of an agent, and by filling the blank after the word 'at' with a postoffice address, both to be sufficient to assure the delivery of mail to such agent."

The claim is that the policy complied with the terms of the statute as to giving notice to an agent of the insurer at Green Bay, Wisconsin, and therefore the insured must comply with the method of notice designated in the policy. The alternative notice provided for in the policy differs from the alternative statutory form in that it does not designate the name of the agent at Green Bay to whom notice is to be given. Its failure so to do is material and renders the alternative provision of the policy void. Hence it must be treated as though it contained no alternative mode of service, and the insured could therefore give a valid notice by giving notice to any "authorized agent" of the insurer, which he did by giving notice to Beers, its agent at Sun Prairie. The notice given was sufficient.

It is further claimed by the defendant that since the plaintiff was suffering from rheumatism his period of compensation is limited to one month as provided for in paragraph H of the policy. This paragraph is an exception to the general sick benefit provided for in paragraph F of the

policy and is not printed with the same prominence or in as large a type as paragraph F and is therefore void under the statute, sub. (2), sec. 208.05, and our decisions. *Williams v. Travelers Ins. Co.* 168 Wis. 456, 169 N. W. 609, 959. The circuit court properly ruled that paragraph H did not limit the sick benefit to which plaintiff was entitled. The provision in paragraph F of the policy for a less sick benefit for non-house confinement condition than for one for confinement to house or bed was valid. So, also, was the requirement that insured should be attended by a physician. *Reeves v. Midland Cas. Co.* 170 Wis. 370, 174 N. W. 475.

The only other question raised is whether or not a chiropractor is a "legally qualified physician" within the meaning of the policy. It is clear that the parties to an insurance policy have a right to limit or qualify the terms of the contract in any manner not inconsistent with the conditions of the standard form or contrary to public policy. *Reeves v. Midland Cas. Co.* 170 Wis. 370, 174 N. W. 475. It was therefore proper for the insurance company to require as a condition of the payment of the sick benefit that the insured should be attended by "a legally qualified physician," and that if the insured failed to avail himself of such services the company would be excused from paying the sick benefit. So the question for solution is whether or not a chiropractor is "a legally qualified physician" within the meaning of the policy. Plaintiff contends that, since sec. 147.07 permits reputable chiropractors to practice their profession without license or registration, they are legally qualified physicians within the meaning of the terms of the policy. The fact that certain restrictions are placed upon their practice, it is claimed, does not prevent them from being classed as legally qualified physicians. It is also urged that though they specialize they are nevertheless legally qualified physicians, as much so as those who specialize in the treatment of the eyes, ears, nose, and throat, and that since these would not be disqualified under the term "legally qualified physicians"

a chiropractor should not be disqualified.  On the part of the defendant it is argued that since the section quoted provides that "reputable practitioners of chiropractic may practice their profession in this state, if they do not hold themselves out as registered or licensed, and conspicuously display in the places where they practice a sign containing in large and legible type: 'Not registered or licensed in Wisconsin,' " they are not to be classed as regularly qualified physicians.  It is said that they are merely tolerated to pursue their practice and are not legally qualified to do so.  It is a well known fact that chiropractors specialize in certain classes of diseases; that ordinarily they do not administer medicine or treat certain classes of diseases very common to humanity. It is not here intended to determine whether or not specialists who are regularly licensed come or do not come within the term "legally qualified physician" as used in the policy.  But it seems quite clear that in using the term "legally qualified physician" the insured as well as the insurer meant a physician who was qualified and *licensed* to practice, and that the term did not include a specialist in body manipulations only such as chiropractors.  Many forms of sickness attack persons that good and reputable chiropractors do not pretend to treat at all.  It was undoubtedly the idea of the insurer in choosing the term "legally qualified physician" to include only persons who could aid and treat all classes of ailments to which the insured might be subject, and that where, as here, there was a case of rheumatism and pleurisy, the services of a regularly qualified physician, one who might and would prescribe and administer medicine as well as perhaps employ body manipulations, was intended.  It is true as stated by the respondent that if there is any doubt as to the meaning of any term used in an insurance policy the doubt will be resolved in favor of the insured, rather than in favor of the insurer.  But here we think the intention was so clear that a legally qualified physician should be employed in order to enable the insured to get the sick benefit.  As stated

in briefs by both counsel, the term "physician" is one of very wide significance and, colloquially speaking, includes the term "surgeon" and many specialists within the field of medicine.   It is the broadest term our language contains applicable to one who practices medicine, including both medicine and surgery in its original meaning.   We therefore reach the conclusion that the trial court erred in holding that a chiropractor was a "legally qualified physician" within the meaning of the policy.   The judgment will be modified by deducting the amount of $40 allowed the plaintiff for disability while not house confined, because he was not during four weeks of that time treated by a "legally qualified physician."   As so modified the judgment is affirmed.

*By the Court.*—Ordered accordingly.