Wojtzak, Respondent, vs. Hartland Farmers' Mutual Fire Insurance Company, Appellant.

*October 11—November 5, 1929.*

119

The cause was submitted for the appellant on the brief of *Winter & Winter* of Shawano, and for the respondent on that of *Lehner & Lehner* of Oconto Falls.

ESCHWEILER, J. There are no express provisions in this policy against any removal or change of place of the prop-

erty insured other than would be implied from the provision that the insured shall not increase the hazard, and certain, here immaterial, provisions as to removal when endangered.

Defendants contend that the description above quoted found on the top of the back of the policy should be considered as a part thereof and as a description of the location of the property and within the clause "while located and contained as described herein, and not elsewhere."

The trial court, however, held that such indorsement was not properly a part of the policy and should not, under the record as presented, be considered a part thereof, and that therefore there was no breach of any express or implied condition of the contract by the insured and that he was entitled to recover.

The defendant here, a town mutual insurance company, by its own constitution, which is recited in the policy, expressly adopted the Wisconsin standard fire insurance policy as it may lawfully do, under sec. 203.02, Stats. Having so adopted and issued such form of policy, it must be bound by the law governing such policies.

That the prescribed statutory details as to form and content of such policies is mandatory has been repeatedly pointed out by this court. *Williams. v. Travelers Ins. Co.* 168 Wis. 456, 169 N. W. 609, 959; *Schilbrch v. Inter-Ocean Cas. Co.* 180 Wis. 120, 192 N. W. 456; *Isaacson v. Wisconsin Cas. Asso.* 187 Wis. 25, 203 N. W. 918. It is so held elsewhere, as shown in *Thorne v. Ætna Life Ins. Co.* 155 Minn. 271, 193 N. W. 463.

While it is true that in the sample standard form of such policy as found in ch. 203, Stats., there is to be found no particular space with appropriate designation for the particular description of the premises where the insured property is located and contained, and the same is true of the policy here in suit, yet a description of such premises could have been easily inserted on the face of the policy here.

Ch. 203, Stats., governing the issuing of the standard fire policy, very carefully prescribes, sec. 203.06 (1), that the forms used "shall conform in all particulars as to blanks, size of type, context, provisions, agreements and conditions with the printed forms of contract or policy as provided in" said chapter, and also that no other or different provision, : . . condition, etc., shall "be indorsed thereon or delivered therewith." There are certain exceptions not material. here. By sub. (4) of this same section, making the standard policy compulsory, it is also provided for the indorsement on the outside of any such policy of the name and place of business of any insurance agent. All this clearly recognizes that the indorsement relied upon was not a proper part of the rigid statutory form. The trial court was therefore correct in holding that the indorsement on the back and top of the policy must be disregarded.

The defendant here not only failed to assert any claim to have the policy reformed because of any alleged mutual mistake in failing to insert a description of the premises if there were in fact such mistake, but failed on the trial to offer evidence upon which such a reformation could have been made even though not pleaded.

Though defendants may have violated the provisions of ch. 203 in the delivering of the policy in the form in which they did, still, by sec. 203.08, such a policy is nevertheless binding upon the company issuing it.

Defendants claim as controlling in their favor the ruling in *Stillman v. North River Ins. Co.* 192 Wis. 204, 212 N. W. 67, to the effect that the removal of insured property to a different location than that described in the policy without the written consent of the company could not be waived by the action taken there by the agent and that there could be no recovery under that policy because of such removal. In the policy in that case, however, as quoted at page 205

of the opinion, the property therein insured was covered only while contained in or attached to a certain specifically designated building with a given street number in a designated city. For that reason the case has no application here and the result reached below was correct.

This disposition makes it unnecessary to consider other points argued.

*By the Court.*—Judgment affirmed.