LESLIE, ˙Appellant, vs. KNUDSON, Respondent.

*September 15—October 13, 1931.*

518

For the appellant there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *L. A. Brunckhorst.*

For the respondent there was a brief by *Hall, Baker & Hall* of Madison and *J. Charles Pile* of Dodgeville, and oral argument by *Laurence W. Hall.*

WICKHEM, J. The first error assigned relates to the refusal of the trial court to allow plaintiff's counsel to read to the jury portions of the adverse examination of defendant. Upon the trial plaintiff was called and gave her testimony, and after a witness was called out of turn to lay the foundation for punitory damages by testifying to defendant's wealth, the defendant was called adversely. After identifying the defendant, counsel for plaintiff announced that he was going to read from page three of the adverse examination of defendant. Objection was made by the defendant that it was not proper for plaintiff to read from the adverse examination except for the purpose of cross-examining the witness on the stand, if he should testify differently than he did at the time of the adverse examination. Counsel for plaintiff announced that that was his purpose, and counsel

for defendant called attention to the fact that the witness had not testified to anything yet. The court said:

"That is the rule. If there is no difference between his testimony which he now gives and the testimony which he then gave, then there is no purpose nor use for the deposition. Examine him now, and if he now tells a story which you believe or construe to be different from what he told at that time, then you can examine him on that whether he did not at that time answer such question."

This ruling was erroneous. Sub. (5) of sec. 326.12, Stats., provides:

"Such portions of any such deposition as are relevant to the issues may be offered by the party taking the same, and shall be received when so offered upon the trial of action or proceeding in which it is taken, notwithstanding the deponent may be present."

In *Meier v. Paulus,* 70 Wis. 165, 35 N. W. 301, which case antedates sub. (5), sec. 326.12, it was said:

"The examination of a party is in the nature of an admission so far as his answers are material to the issues in the action, and such admissions are always admitted as original evidence against him."

See *Lange v. Heckel,* 171 Wis. 59, 175 N. W. 788; *Thomas v. Lockwood Oil Co.* 174 Wis. 486, 182 N. W. 841; *Lamberson v. Lamberson,* 175 Wis. 398, 184 N. W. 708; *J. H. Clark Co. v. Rice,* 127 Wis. 451, 106 N. W. 231; *Anderson v. Chicago B. Co.* 127 Wis. 273, 106 N. W. 1077; and *Hughes v. Chicago, St. P., M. & O. R. Co.* 122 Wis. 258, 99 N. W. 897.

The matter is fully discussed by the foregoing cases, and the rule established to the effect that the adverse examination of a party, so far as competent, constitutes evidence against him, and may be offered notwithstanding his presence in court.

It does not follow, however, that plaintiff was prejudiced by the court's ruling. As a part of her cross-examination of

the defendant, plaintiff was permitted to read to the defendant the questions asked and answers given upon the adverse examination. The defendant admitted having made the answers as indicated by the transcript of the examination, and consequently plaintiff was able to put into evidence in a slightly different manner all of the adverse examination which she had previously proposed to read. Hence she cannot be said to have been prejudicially affected by the ruling.

Appellant further objects to the ruling of the trial court whereby defendant's counsel was allowed, over objection, to examine the defendant at the close of the adverse examination. Appellant relies on *O'Day v. Meyers,* 147 Wis. 549, 133 N. W. 605, in which it was held that where a party is properly called for cross-examination, his counsel has no right to re-examine him at the close of such cross-examination. The ruling in that case was modified in *Guse v. Power & M. M. Co.* 151 Wis. 400, 139 N. W. 195, in which the court said:

"Under such circumstances the defendant has a right to re-examine such witness immediately after the examination by plaintiff's counsel as to all matters tending to explain or qualify the testimony already given, but not as to new matters not brought out by plaintiff's counsel and constituting part of the defendant's defense. . . . So far as *O'Day v. Meyers,* 147 Wis. 549, 133 N. W. 605, may be understood to the contrary, it must be deemed modified by this decision."

The examination here objected to covered only matters tending to explain or qualify the testimony given upon the examination by plaintiff's counsel, and is within the rule of the *Guse Case, supra.* Further than this, we think it cannot be said that the examination by defendant's counsel came in over objection. Counsel for defendant, in his first question, asked the defendant, "You are the defendant in this lawsuit, and had had Mrs. Leslie do some washing for your family from time to time before the day she came to your store?" Answer, "Yes." Plaintiff's counsel objected, saying, "We

object to going into that; we have not touched on that."
This objection was overruled. No further objection was
taken to examination by defendant's counsel except an ob-
jection to leading questions. Under these circumstances
the plaintiff has not made a sufficient record upon which to
support his contention.

The final contention of the plaintiff is that there was error
in directing a verdict. The trial court took the undoubtedly
correct view that where the facts are undisputed, probable
cause is a question of law for the court. The court then
concluded that there were no issues of fact in the case; that
the evidence was undisputed that defendant made a fair
disclosure of all the facts to his counsel, and acted in good
faith upon his advice. In this conclusion we are satisfied
that the court was in error. Upon his adverse examination
defendant was asked as to the information he gave Attorney
Pile in seeking his advice. He said:

"I told Mr. Pile that Mrs. Leslie had entered my place of
business and had taken goods without paying for them and
had been told to return them or pay for them and she had
not done so. I left it to him."

The question was then asked, "Did you tell him anything
else?"

"*A.* No.
"*Q.* What you just said is everything you told Mr. Pile?
*A.* I told him that is all there is to the case.
"*Q.* What you just related is everything you told Mr. Pile,
is it; what you just told me? *A.* I told him about the case
and left it to him; he was to take care of the case for me.
"*Q.* You just told me what you told Mr. Pile? *A.* Yes.
"*Q.* Is that everything you told him? *A.* I think it was,
yes.
"*Q.* Yes or no, was it? *A.* Yes."

If the statements of the defendant upon the adverse ex-
amination were admissions, they constitute substantive evi-

dence against him and are not limited to their effect in impeaching him as a party or witness. *Warder v. Fisher,* 48 Wis. 338, 4 N. W. 470; 30 Yale Law Journal, 355.

From the adverse examination in this case we think the jury were entitled to believe, in spite of the testimony of the defendant upon the trial, that the defendant merely told Mr. Pile that Mrs. Leslie had entered his place of business; had taken goods without paying for them, and had declined or neglected to return the goods. If the jury should believe this, then the inference would be permissible that a full and fair disclosure of the facts to his counsel was not made by the defendant. It will be noted that the statement which, on adverse examination, the defendant admits includes all the facts that he disclosed to his attorney, makes no mention of the facts which in this case repel the inferences of trespass and felonious intent, both of which are essential to the crime of larceny. It is clear upon the record that the jury, in judging plaintiff's conduct, were entitled to believe that both the element of trespass and that of felonious intent were absent. 36 Corp. Jur. p. 765; *Comm. v. Stebbins,* 8 Gray (74 Mass.) 492. Under these circumstances we think there was clearly a jury issue, and that the court was in error in directing a verdict for the defendant.

*By the Court.*—Judgment reversed, and cause remanded with directions to grant a new trial.