OTTENS, Respondent, vs. ATLAS ASSURANCE COMPANY, LTD., Appellant.

*October 14, 1937—February 15, 1938.*

The cause was submitted for the appellant on the briefs of *Lees & Bunge* of La Crosse, and for the respondent on those of *George H. Gordon, Law & Brody* of La Crosse.

The following opinion was filed November 9, 1937:

WICKHEM, J. The first question upon this appeal (and in view of the court's conclusions the only one that need be dealt with in this opinion) is, May a party to a standard fire insurance policy issued in complete conformity to statutory requirements have this policy reformed by the substitution of provisions inconsistent with its standard provisions? The court is of the view that this question must receive a negative answer. In *Bourgeois v. Northwestern National Ins. Co.* 86 Wis. 606, 610, 57 N. W. 347, this court said, referring to the standard policy:

"More critical examination reveals the undoubted fact that the law was not passed solely for the protection of the insured. . . . The intent plainly was and is that, so far as the conditions and provisions of the standard policy go, they shall govern, and that they shall not be omitted, changed, or waived in any manner. Other provisions not conflicting with them may be added in writing or printing, but the conditions of the standard policy itself must remain unimpaired."

Similar expressions occur in other cases. In *Prentiss-Wabers S. Co. v. Millers M. F. Ins. Asso.* 192 Wis. 623,

627, 211 N. W. 776, 213 N. W. 632, referring to a portion of a standard policy, the court said:

"This provision, which is statutory in character, declares a rule of public policy binding alike upon the insured and the insurer and avoids the insurance."

In *Williams v. Travelers Ins. Co.* 168 Wis. 456, 169 N. W. 609, 169 N. W. 959, it was said that, where the statute declares as the public policy of the state that contracts relating to a particular subject shall be in certain prescribed forms and with specific conditions concerning the respective rights and duties of the parties, such statute is controlling as against any contract the parties may attempt to make varying therefrom. In *Wojtzak v. Hartland F. Mut. F. Ins. Co.* 200 Wis. 118, 227 N. W. 255, it was held that the prescribed statutory details as to form and content of fire insurance policies is mandatory. In *Temple v. Niagara Fire Ins. Co.* 109 Wis. 372, 85 N. W. 361, it was said that this court has repeatedly treated and construed the standard policy as a statutory law as well as a contract. Being a law as well as a contract, its provisions were held binding upon the parties. See also *Schilbrch v. Inter-Ocean Casualty Co.* 180 Wis. 120, 192 N. W. 456.

Plaintiff's answer to this is quite ingenious. It is that a policy in violation of the standard policy, while subjecting the company to penalties and unenforceable by the company, is nevertheless enforceable by the insured. It is suggested that this rule was the result of statutory changes in 1933. We do not so find. Prior to 1933, sec. 203.07, Stats., provided as follows:

*"Unauthorized insurance void.* (1) . , .

"(2) No unauthorized fire insurance company . . . shall hereafter make or issue, directly or indirectly, any policy of insurance on property in this state, except as specifically

authorized by law. All such contracts are declared to be unlawful, void, and unenforceable, and no action in law or equity shall be maintained on any such contract in any court."

This section related to insurance written by an unauthorized company, whatever the policy form. By ch. 487, Laws of 1933, this section was amended to read:

"(2) No unauthorized insurer shall issue, directly or indirectly, any policy on property in this state, except as specifically authorized by law. All policies issued in violation of this section are unenforceable by the insurer."

These sections, of course, have nothing to do with violation of the standard policy provisions but deal rather with the writing of insurance by unauthorized companies. Sec. 203.08, however, provides penalties for any company, officer, or agent violating any of the provisions of the standard policy by issuing policies at variance therewith, and makes such violations cause for revoking the company's authority to do business in this state. In contrast to sec. 203.07 (2), as it stood prior to 1933, this section provides that any policy so issued and delivered shall be binding upon the company. The 1933 amendment was merely for the purpose of eliminating this conflict between sec. 203.07 and sec. 203.08. The rule of sec. 203.08, by which insurance policies issued in violation of the standard provisions are enforceable against the company, has existed for many years. It is one thing, however, to say that the insured may enforce a nonstandard policy in spite of the fact that it was unlawfully written at variance with the standard form; it is quite another thing for a court of equity, the company having issued a standard policy complying with the law, to reform the policy into an agreement wholly at variance with statutory requirements, rendering the company liable not only on the policy as so changed, but for fines, imprisonment, and loss of its license

to do business in the state. For a court of equity to do the latter would be to lend its aid to frustrate the public policy of the statute.

In support of its position plaintiff cites *Fountain v. Importers & Exporters Ins. Co.* 214 Wis. 556, 252 N. W. 569. There the subject of the insurance was subject to a lien at the time of the execution of the policy. This fact was known to the agent of the insurer. The parties intended to cover the mortgaged cars, but there had been an error in not adding an exception or rider to the policy. It was held that plaintiff was entitled to have the policy reformed by adding the rider or exception. The policy as reformed, however, was in perfect conformity to the standard provision. No attempt was made to change a single standard provision. In the instant case the property was not mortgaged when the insurance policy was issued. There was no occasion to add a rider to the policy at the time of its issuance, and that is not what is sought in this action. Plaintiff's objective is to introduce a material change into the standard mortgage clause. This he may not do for reasons that have been stated. It follows that the order must be reversed.

*By the Court.*—Order reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on February 15, 1938.