SCHAFER, Respondent, vs. SHELBY FARMERS MUTUAL INSURANCE COMPANY, Appellant.*

*March 12—May 1, 1945.*

* Motion for rehearing denied, with $25 costs, on June 15, 1945.

C. L. *Baldwin* of La Crosse, for the appellant.

For the respondent there was a brief by *Hale, Skemp & Nietsch* of La Crosse, and oral argument by *Quincy H. Hale*.

WICKHEM, J. Defendant is a town mutual organized under ch. 202, Stats. Sec. 202.09, Stats., provides:

". . . Every contract of insurance made under this chapter shall be based wholly upon the written answers in the application over the signature of the applicant. . . ."

Plaintiff signed a written application which was submitted to the board of directors who issued a policy in response thereto. The sole power to issue the policy is in the directors. A fire occurred on March 27, 1943, and certain property was destroyed, including a milking machine, wagon, separator, manure spreader, harnesses, tools, and miscellaneous farm machinery of the value of $500 which were not included either in plaintiff's written application or in the policy issued thereon. All items specifically covered by the application of the policy were paid for, and the question in this case relates to the liability for the utensils above listed.

Briefly put, plaintiff's claim is that an old policy covered the premises, including the utensils, and that the assurances of defendant's agent who wrote out the application were that the coverage was the same as that of the old policy. It is conceded that reformation is necessary before recovery can be had for the articles not included in the coverage.

The first question is whether sec. 202.09, Stats., is declaratory of some public policy which precludes reformation of the policy to insert matters not included in the application. The trial court gave a negative answer to this question. Defendant relies upon *Ottens v. Atlas Assur. Co.* 226 Wis. 596, 275 N. W. 900, where the parties sought to reform a

standard fire policy to include terms contrary to those specified by sec. 203.01. This court held that it was contrary to public policy to permit the parties by reformation to insert terms into a standard policy which they could not originally have inserted by mutual agreement.

The argument of the defendant runs thus: There was no power in the soliciting agent to issue a policy or to do more than to take the application. The statute requires in express terms that the policy be based wholly upon this written application. That is all the directors could do in issuing the policy. The statute is clear and unambiguous and constitutes a statutory declaration of public policy to the effect that the insurance policy must conform to the application. From this is inferred a legislative intent to exclude reformation.

We are of the view that the trial court's conclusions were correct. It should require pretty clear language in a statute to warrant a conclusion that the ordinary equitable remedies are to be excluded in a particular case. This statute contains no express provision to this effect and we do not think the policy of the statute requires that such an intention be inferred.

The case of the standard policy is quite different. In the *Ottens Case, supra,* we held that where the statute prescribes the provisions of a fire policy, the parties may not by reformation insert terms into the policy which they could not originally have inserted by mutual agreement. There the public policy was to the effect that the standard fire policy shall contain certain provisions concerning liability, and the court in the *Ottens Case, supra,* simply held that the court would not by the equitable process of reformation defeat the statutory purpose. It was not said there that a standard fire policy may not in any respect be reformed. Indeed, reference was made to *Fountain v. Importers & Exporters Ins. Co.* 214 Wis. 556, 252 N. W. 569, where reformation was permitted as to an item of coverage having nothing to do with the standard provisions of the policy. We think that there is nothing in sec.

202.09, Stats., from which might be inferred a legislative intent that no contract made under the chapter shall be subject to reformation for mutual mistake.

The next question has to do with the admission of evidence. One Schroeder was the solicitor for the company. He also was director of the company. He had died before the trial. Subject to objection, the court received certain admissions of Schroeder tending to support plaintiff's claim that the application was intended to cover everything that the old policy included and that the omission of the property here in question was by mistake. These admissions were made at the home of plaintiff when Schroeder in company of other officers of the company came to the place after the fire for the purpose of adjusting the loss. It appears to us that these are clearly admissions by an agent and officer of defendant made within the scope of his authority and at a time when Schroeder was engaged in business of the principal. This renders admissible Schroeder's declarations. *Livesley v. Lasalette,* 28 Wis. 38; *Vogel v. Delaware, L. & W. R. Co.* 168 Wis. 567, 171 N. W. 198. Under the rulings of this court these admissions constitute substantive evidence. *Dreher v. Fitchburg,* 22 Wis. 675; *Hafemann v. Seymer,* 195 Wis. 625, 219 N. W. 375; *Leslie v. Knudson,* 205 Wis. 517, 238 N. W. 397. We consider that a discussion of the testimony in detail would add to the length of this opinion without performing a corresponding judicial service, and we content ourselves with stating our conclusions that when Schroeder's admissions are added to the rest of plaintiff's evidence the findings of the trial court that the items involved here were omitted from the application and the policy by mistake are not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

The following memorandum was filed June 15, 1945:

WICKHEM, J. (*on motion for rehearing*). Appellant, for the first time, calls attention to the legislative history of

sec. 202.09, Stats., as conclusive that the court's construction of the section is erroneous. This memorandum is filed for the purpose of disposing of this contention.

Sec. 211.08 (1), Stats. 1929, provided as follows:

"(1) Every contract of insurance made under the provisions of this chapter shall be in writing and based wholly upon the written answers in the application over the signature of the applicant for such insurance and the survey and action of the company taken thereon, and no oral agreement or understanding with any person or made in any manner shall be binding upon the company, and the whole of such contract being contained in the policy of insurance as added to or modified only by the indorsements incorporated in or attached thereto as specifically authorized and so added to or modified by an officer of the company. No soliciting agent of any such registered town mutual insurance company shall have any other authority than to solicit. . . . A copy of the application containing the statements of the applicant shall be incorporated in or attached to the policy, and the failure of the insured to notify the company of any error or omission in such application or schedule of property to be covered by the policy and returning the policy for correction before any claim for loss or damage arises thereunder shall act as an estoppel to any claim of error, omission, understanding or agreement after claim under such policy arises. . . ."

In 1937, ch. 226, Laws of 1937, the provisions concerning town mutuals were consolidated and placed in ch. 202, Stats. Sec. 211.08, Stats., was repealed. The new enactment was numbered sec. 202.09, and of the very extensive provisions of sec. 211.08 the only one retained that bears on the question at issue in this appeal is the sentence "Every contract of insurance made under this chapter shall be based wholly upon the written answers in the application over the signature of the applicant."

We are of the view that the deleted portions of sec. 211.08, Stats., give no force to appellant's argument. Ch. 226, Laws of 1937, was not a revisor's bill but a bill introduced in the assembly by the committee on insurance and banking at the

request of the insurance commissioner. We know of no reason why it should be treated as a revisor's bill or any presumption indulged that it was not intended to make any substantial change in the law. Further than this, however, we see no possibility of accommodating the language of sec. 202.09 to all the insertions theretofore contained in sec. 211.08. For example, provisions requiring a copy of the application to be attached to the policy and creating an estoppel to any claim of error, omission, understanding, etc., could hardly be imported into sec. 202.09 without seriously manhandling the language of that section. We are persuaded that the inference from deleting the material from sec. 211.08 is quite the contrary to that argued by appellant and that it lends force to the conclusion that sec. 202.09 was not intended to preclude actions to reform policies. We are fortified in our conclusion by a consideration of sec. 201.53 (1). This section states that "No insurance company shall make any agreement of insurance other than as plainly expressed in the policy." In spite of this provision which, by the way, is no more general than the provision contained in sec. 202.09, this court has always considered that it could reform an insurance policy for any of the reasons for which reformation is customarily given. See the authories cited in *Schmidt v. Prudential Ins. Co.* 235· Wis. 503, 292 N. W. 447.

Appellant finally directs the attention of the court to a statement in the opinion that the findings of the trial court are not against the great weight and clear preponderance of the evidence, whereas in cases of reformation the evidence should·be clear, satisfactory, and convincing. The statement in the opinion was inadvertently made, and the writer accepts full responsibility in that regard. We have carefully reviewed the evidence, and are of the opinion that it is clear and convincing to the effect that there was a mutual mistake warranting reformation.

*By the Court.*—Motion for rehearing denied, with $25 costs.