OLANDER, Plaintiff, vs. KLAPPROTE and others, Defendants: MILWAUKEE AUTOMOBILE INSURANCE COMPANY, Defendant and Appellant: STUDEY, Interpleaded Defendant and Respondent.

*March 4—March 31, 1953.*

464

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondent there was a brief and oral argument by *Robert J. Breakstone*, attorney, and *Morris Shovers* of counsel, both of Racine.

GEHL, J.    It is not claimed that the policy does not afford plaintiff protection in the event that Klapprote is found guilty of actionable negligence.  Nor is it claimed that the second paragraph of the quoted provision is effective.  Appellant's contention is that it and Studey had the right to contract that in the event his automobile be operated by a person under the age of twenty-five years the insured would reimburse appellant for any loss suffered by the insurer arising out of the negligent operation of the car by an operator who had not reached that age.

The right to limit an insurer's liability by the terms of its contract, unless the restriction be prohibited by statute or considerations of public policy, is not questioned.  If however, there be such statutory restriction, it, rather than any provisions of a contract, controls.  *Ottens v. Atlas Assur. Co.* 226 Wis. 596, 275 N. W. 900; *Jones v. Preferred Accident Ins. Co.* 226 Wis. 423, 275 N. W. 897.  We agree with the trial court that the exclusion provisions of the policy are made ineffective by the provisions of sec. 204.34 (1), Stats.:

"No policy of insurance, agreement of indemnity, or bond covering liability or loss arising by reason of the ownership, maintenance, or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following:

(a) Persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do;
. . ."

Klapprote was of an age authorized by law to drive an automobile.

Appellant contends that the statute was intended for the protection of the public, not for that of the owner. The language of the statute is plain. It cannot be interpreted to mean that its purpose is to afford protection only to persons damaged as a result of the operation of the automobile. It provides that no policy shall exclude "coverage afforded or provisions as to benefits therein . . . of . . . persons while driving . . . a motor vehicle, who shall be of an age authorized by law so to do," thus prohibiting any effort to deny coverage and protection to the operator.

Sec. 204.30 (3), Stats., denies to the insurer the right to exclude, from its policy, provisions of indemnity to the person responsible for the operation of the automobile. It provides that no automobile policy shall be issued unless it contains a provision reading substantially as follows:

" . . . The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person, firm, or corporation legally responsible for the operation of such automobile. The insurance hereby afforded shall not apply unless the riding, use, or operation above referred to be with the permission of the assured named in this policy, or if such assured is an individual, with the permission of an adult member of such assured's household other than a chauffeur or domestic servant; . . ."

The statute affords to the insured the same protection as though he were driving the car himself. If sec. 204.34 (1), Stats., be construed as appellant contends it should be, that protection is denied him. The intended limitation is in violation of secs. 204.34 (1) and 204.30 (3) and is therefore void.

Appellant invokes the provisions of sec. 85.09 (21) (h), Stats., which are as follows:

"Any motor-vehicle liability policy may provide that the insured shall reimburse the insurance carrier for any payment the insurance carrier would not have been obligated to make under the terms of the policy except for the provisions of this section."

That this provision was not intended to supersede or render ineffective the provisions which we have considered is indicated by what appears in sec. 85.09 (23) (a), Stats.:

"This section shall not be held to apply to or affect policies of automobile insurance against liability which may now or hereafter be required by any other law of this state, . . ."

The latter section indicates that it was intended by the legislature that sec. 85.09 (21) (h), Stats., should operate only for the enforcement of the "Financial Responsibility Law" under which title both sections are carried.

*By the Court.*—Judgment affirmed.