SCHAAL, Respondent, v. GREAT LAKES MUTUAL FIRE &
MARINE INSURANCE COMPANY, Appellant.

*January 8—February 3, 1959.*

For the appellant there was a brief by *LeRoy E. Michel* of Milwaukee, attorney, and *Arthur C. Mertz* and *Stephen I. Martin,* both of Chicago, Illinois, of counsel, and oral argument by *Mr. Michel* and *Mr. Martin.*

For the respondent there was a brief by *Muchin & Muchin* of Manitowoc, and oral argument by *Jacob Muchin.*

MARTIN, C. J.   On February 2, 1957, one Judie Dobyns, then eighteen years old, was driving the plaintiff's automobile on Highway 42 in Manitowoc county, with the permission and consent of the plaintiff. She lost control of the car and struck a tree, damaging the automobile to the extent stipulated.   Judie Dobyns had no driver's license, a fact which the plaintiff knew when he permitted her to use the car.

At the time of the accident there was in force a policy of automobile collision insurance issued by defendant to plaintiff and covering the car in question, which policy provides, among other things:

"Coverage B-1—Collision or Upset: Direct and accidental loss of or damage to the automobile caused by collision of the automobile with another object or by upset of the automobile."

Under "Exclusions" the policy provides:

"This policy does not apply: . . .
"(j) under coverage B-1, while the automobile is operated . . . (b) by . . . any person who is not legally licensed to operate an automobile."

This is a comprehensive loss policy relating to "direct and accidental loss of or damage to the automobile;" it is not an automobile liability policy.

The only question presented to the trial court was whether or not exclusion (j) is void by reason of the provisions of secs. 204.34 (1) (a) and 204.30 (3), Stats., or, stated otherwise, whether or not the legislature intended the policies dealt with in those sections to include automobile collision insurance policies as well as automobile liability insurance policies.

Sec. 204.34, Stats., provides, so far as material:

"(1) No policy of insurance, agreement of indemnity, or bond covering liability or loss arising by reason of the ownership, maintenance, or use of a motor vehicle issued in this state shall exclude from the coverage afforded or provisions as to benefits therein any of the following:
"(a) Persons while driving or manipulating a motor vehicle, who shall be of an age authorized by law so to do; . . ."

Sec. 204.30, Stats., provides that any policy of insurance issued in Wisconsin "against loss or damage resulting from accident or injury to a person, and for which the insured is liable, or against loss or damage to property caused by . . . any motor vehicle, and for which the insured is liable," must

contain a provision reading substantially as follows (sub. (3)):

"The indemnity provided by this policy is extended to apply, in the same manner and under the same provisions as it is applicable to the named assured, to any person or persons while riding in or operating any automobile described in this policy when such automobile is being used for purposes and in the manner described in said policy. Such indemnity shall also extend to any person legally responsible for the operation of such automobile. . . ."

Both of these statutes deal with liability insurance policies and, as observed in *Frye v. Theige* (1948), 253 Wis. 596, 601, 34 N. W. (2d) 793, contain the only limitations which the legislature has imposed upon the powers of the parties to contract. There the court said:

"We see no ground upon which this court can properly limit the power of contract beyond the prescriptions of the statutes. The fact that the foregoing limitations have been put by statute upon the power to contract indicates a legislative view that public policy calls for no other limitation."

The trial court determined that by the language used in both sec. 204.34 (1) and sec. 204.30 (3), Stats., they apply to collision insurance policies as well as liability policies, and it held exclusion clause (j) to be in violation of both.

In *Julius v. Druckrey* (1934), 214 Wis. 643, 649, 254 N. W. 358, this court stated:

"However, where this language is capable of more than one interpretation, it must be read in a sense which harmonizes with the subject matter and the general purpose and object of the statute. . . . with a view to effecting its purpose and object."

Sec. 204.30 (3), Stats., commonly referred to as the omnibus coverage provision, first appeared in the statutes

in ch. 372, Laws of 1925, in which the legislature denominated the act as one "relating to liability insurance policies." The same language was used in the Bill No. 242, S., in substitute amendment No. 1, S., thereto, which amendment incorporated a portion of Bill No. 175, S., which had been killed earlier in the session. That portion of Bill No. 175, S., dealt with the requirement of coverage for liability of the owner of the automobile for damage for death or injury resulting from the negligent operation of the automobile by any person legally using or operating the car with the permission of the owner.

It is also clear from the language used in the statute itself that it applies only to liability insurance policies. The policies referred to are those against loss or damage resulting from accident or injury to a person, *and for which the insured is liable,* or against loss or damage to property caused by the motor vehicle, *and for which the insured is liable.* Under a collision insurance policy only the insurer is liable, not the insured.

The intention of the legislature, in requiring automobile liability policies to contain the omnibus coverage provision, was to promote the interests of the public as well as the additional parties to the contract. *Drewek v. Milwaukee Automobile Ins. Co.* (1932), 207 Wis. 445, 240 N. W. 881; *Locke v. General A. F. & L. Assur. Corp.* (1938), 227 Wis. 489, 279 N. W. 55. Promotion of the interests of the public is the protection of third parties to whom the insurer was not previously liable when the car was driven by someone other than the insured, unless the driver was within the rule of agency to the insured. Since the enactment of the statute requiring "omnibus" coverage the benefits of an automobile liability insurance policy are extended directly to third parties when the negligence and resulting liability of the driver are established.

The statutory limitations on exclusions contained in sec. 204.34 are likewise for the benefit of third parties. Exclusions not permitted by the statute include the use of a car for unlawful purposes, operation while the driver is under the influence of intoxicating liquors or narcotics. In *Pavelski v. Roginski* (1957), 1 Wis. (2d) 345, 350, 84 N. W. (2d) 84, this court said:

"It is clear that the legislature was more concerned with the interest of members of the public who might be injured under such circumstances than it was in protecting persons, driving under the influence of liquor or narcotics or using automobiles in unlawful pursuits, from having to pay damages."

Collision insurance coverage relates only to accidental loss of or damage to the automobile of the insured. The liability is the liability of the insurer and it arises when an accident occurs which results in damage to the automobile. Such liability does not depend upon negligence of the driver. The parties here made a contract under which the insurer would become liable for accidental damage to the car, provided, among other things, that the car was not being operated by an unlicensed driver. No third-party interests are present in such a situation and exclusion (j) affects no one's interests except the insured's, who was a party to the contract.

In discussing the purpose of sec. 204.34 (1), Stats., in connection with an automobile liability policy exclusion clause in *Olander v. Klapprote* (1953), 263 Wis. 463, 466, 57 N. W. (2d) 734, this court stated that the statute is meant to afford protection not only to the public but to drivers who are of an age authorized by law to drive.

The driver is not in this case. The only case she would be a party to would be one based on her negligence, one arising from damages or injuries to the property or person of a third party. Under those circumstances it would be a

liability policy, not a collision policy, which would be involved. In a case involving a collision policy the driver needs no protection because his negligence or liability has nothing to do with the case.

The right to contract is a fundamental right, subject only to the limitation that contracts must not be contrary to law or public policy. Since secs. 204.30 (3) and 204.34 (1) (a), Stats., have no application to collision insurance contracts, the exclusion clause (j) is valid and the plaintiff is not entitled to recover under the policy.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.