LEVANDOWSKI, Respondent, vs. STUDEY and others, Appellants.

*October 21—November 26, 1946.*

For the appellants there was a brief by *La France & Edwards*, attorneys, and *Alfred E. La France* of counsel, all of Racine, and oral argument by *Mr. La France*.

For the respondent there was a brief by *Gerald T. Flynn,* attorney, and *Wilbershide & Baumblatt* of counsel, all of Racine, and oral argument by *Mr. L. P. Baumblatt* and *Mr. Flynn.*

FOWLER, J.   To recover for injuries sustained by him through alleged negligence the plaintiff sued the defendants Studeys, partners and owners of a motor-propelled truck in use on a highway in the conduct of their business when the injuries were inflicted, Klee, the driver of the truck, and the insurer of the Studeys.   The injuries were received as the result of the outside tire coming off from a dual rear wheel of the truck and rolling along the highway into collision with the automobile which the plaintiff was driving on the highway.   Trial was had to a jury.   The jury by special verdict found that the truck wheel was defective; Klee, the driver, knew it was defective; Klee ought to have realized the wheel was defective; Klee was negligent in using the truck on the highway with the wheel in the condition in which it was; negligence of Klee proximately caused the accident in which the plaintiff's injuries were sustained; Klee ought to have foreseen that the wheel might probably cause injury.   The damages allowed were: For stipulated hospital and other expenses, $688.92; for pain and suffering to date of trial, $2,000; for permanent future disability, $900.

The claimed errors are: (1) That there is no credible evidence to sustain the finding that the wheel of the truck was defective; (2) that the court should have instructed the jury as to the inherent weakness of the admissions of Klee; (3) that the court should have submitted to the jury questions requested by defendant; (4) that the damages are excessive; (5) that the court erred in sending the jury back for further consideration on their first returning a defective verdict.

(1) The specific ground of error claimed in (1) is that there is no credible competent evidence of a defective condition of the truck wheel off which the tire came that collided with plaintiff's car.   The only evidence of a defective condition is that

of an admission made by the driver of the truck at the time and place of the accident involved. The claim of appellants is that under the undisputed evidence of an automobile mechanic in the employ of the appellants whose duty it was to keep their fleet of sixteen trucks in proper condition for use—that he examined the wheels of the truck the night before it went into use on the day of the accident and it was then in perfect condition; and that he examined it after it was brought back after the accident and that all parts of the wheel were then in perfect physical condition—the testimony of the admission was insufficient to take the case to the jury, especially in view of the fact that the only statement by the driver of the truck admitted by him to have been made referred to a like truck that had been junked by the appellants prior to the instant accident. But the parts of the wheel which the mechanic testified to be in perfect condition, namely, the lugs, bolts, nuts, and spacer that kept the tire in place on the wheel or any other parts of the wheel were not preserved for use at the trial and the spacer and lugs were discarded when the wheel was put in use after the accident, and the testimony of the plaintiff as to the admission of Klee was corroborated by two other witnesses who heard it and by another witness to whom Klee made a like statement at the place of the accident very shortly after it occurred. Klee was a party to the action and his admissions were unquestionably admissible against him and they constituted "substantive evidence." *Leslie v. Knudson,* 205 Wis. 517, 522, 523, 238 N. W. 397. They were also competent against his employer because a part of the *res gestæ.* *McComb v. McComb,* 204 Wis. 293, 234 N. W. 707, citing 1 Jones, Evidence, sec. 347, where the rule is stated thus, p. 299 : "When declarations . . . accompany the fact in controversy and tend to illustrate or explain it, they are treated, not as hearsay, but as original evidence; in other words, as part of the *res gestæ.*" The credibility of the witnesses was for the jury to determine, and they manifestly considered the testimony of the witnesses as to the

admission of Klee more credible than that of Klee and the mechanic. They were also the judges of the weight of the admissions as "substantive evidence" of the condition of the wheel. We consider that the evidence supports the conclusion of the jury that the wheel was defective.

(2) Court Rule XXIII (sec. 270.21, Stats.), provides that "Requests for instructions to the jury must be submitted in writing before the argument to the jury is begun, unless in the opinion of the trial judge, special circumstances excuse failure to so submit such requests." No such request was made in the instant case. Defendant's counsel states in his brief that he orally requested in the judge's chambers, where he was preparing his charge to the jury, an instruction relating to the inherent weakness of admissions, but the bill of exceptions does not show any such request and the trial judge stated in his decision of defendants' motion for a new trial that he "had no recollection" as to such a request. Admissions are not necessarily inherently weak evidence. They may constitute weak or strong evidence, depending on the circumstances. It is manifest from the trial judge's denial of a new trial that he considered there was no sufficient excuse for the defendants not complying with Court Rule XXIII, and we cannot say that not granting a new trial for want of an instruction as to the weakness of admissions was an abuse of discretion.

(3) The complaint here is that the court should have submitted to the jury questions in writing requested by the defendants whether, (a) the defective condition of the rim or lugs was so concealed or hidden as not to be reasonably obvious or patent to the defendants, and (b) whether the accident was unavoidable. The questions submitted to the jury fully covered the ultimate issues of fact involved in plaintiff's cause of action. Such questions having been submitted it was not necessary, and would have been improper, to submit inconsistent questions going to matters of defense. This would have been cross-examination of the jury, and that is not permissible.

(4) The damages assessed by the jury were considerately sustained by the trial court, and we cannot say they are above what the jury might properly assess. The principal injury was to plaintiff's knee. It caused much inconvenience and physical pain and disabled him for work which required him to stand. An operation finally became necessary, which lessened but did not fully remove disability or prevent pain resulting from the injury.

(5) The verdict as first returned showed the same two jurors as dissenting from the answers to the first six questions. The answer to the seventh question inquiring as to damages showed only one of these two jurors dissenting and showed another as also dissenting. The judge examined the verdict. Before receiving it and after consultation with counsel in chambers in absence of the jury, the judge said to the jury who were then undischarged and present in court: "Members of the jury: I am directing your attention to question seven of the special verdict." He then read to them the instruction he had given them in his charge to the effect that at least ten and the same ten jurors must agree to constitute a verdict and that any juror dissenting to the answer to a question should write his name on a line provided therefor under the question. After the instruction was reread the foreman stated she "did not understand" and did not know if any of the other jurors "felt that way." The court then repeated from the charge "If ten or eleven are in agreement as to the answers to the several questions submitted, they must be the same ten or eleven who are in agreement as to all of said questions and answers." The foreman then stated in substance that on all of the questions except the seventh all ten jurors were in agreement, and that they understood the seventh question, which related to damages, to be an entirely different question. The jury then retired and later returned into court their verdict which they had corrected by inserting to the question as to damages the name of the juror as dissenting who had not signed it before it was first returned, but had signed it as dissenting to all the other questions, and

drawing a line through the name of the other juror who had first signed it as dissenting from the damages assessed but had not dissented to any of the other questions. The verdict was read by the clerk. When asked by the judge: "Was and is this your verdict?" all answered "Yes." In response to a question asked by defendant's counsel whether there were any dissents on any other question than that as to damages the foreman answered "Everything is right there, just the names that appear there. I am sure that is all. We had some discussion until we reached an understanding." Answering another question by the same counsel: "Were the ten, excepting the names read, Marie Fuhrman and Lester Kollman, the dissenters, all in agreement," the foreman answered "Yes." The verdict was received by the court. The effect of the correction of the verdict was the same as when a jury reports to the court failure to agree and the court remands them to the juryroom and directs them to consider the case further and endeavor to agree. This is not error. See *Barlow v. Foster,* 149 Wis. 613, 629 *et seq.,* 136 N. W. 822.

*By the Court.*—The judgment of the municipal court is affirmed.