Davis, Plaintiff and Respondent, vs. Fay and another, Defendants and Respondents: Pflueger and another, Defendants and Appellants.

*December 1—December 30, 1953.*

For the appellants there were briefs by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon.*

For the respondent Agnes R. Davis there was a brief by *Heft, Brown, Stewart & Coates* of Racine, and oral argument by *Carroll R. Heft.*

For the respondents James A. Fay and Milwaukee Automobile Insurance Company there was a brief by *La France, Thompson & Zahn,* attorneys, and *Alfred E. La France* of

counsel, all of Racine, and oral argument by *Alfred E. La France*.

Gehl, J. Pflueger contends that there is no evidence to support the jury's finding that he was negligent with respect to lookout and that therefore his motion for a directed verdict should have been granted. The collision occurred on December 24, 1951, at about 5:56 a. m. It was dark. At the northwest corner of the intersection there was a tavern building the southeast corner of which was 52.50 feet west of the westerly line of Highway 31 and 56 feet north of the northerly line of Highway 50. West of the tavern building was a garage, the east wall of which was 16 feet west of the west wall of the tavern. A stop sign on Highway 31 was located 25 feet north of the north limits of Highway 50. There was some dispute as to the presence of one or two tractors and trailers between Highway 50 and the tavern building which Pflueger claims further obstructed his view to the north. He contends that the trailers were parked side by side facing west extending from a point about three feet west of the west edge of Highway 31. His testimony as to the location of the trailers is met by that of the witness, Becker, who had followed Pflueger and stopped after the collision. He observed one tractor-trailer parked at the north side of Highway 50, the rear end of which was a little past the east side of the building. Whether the trailer or trailers were so located as to obstruct Pflueger's view was for the jury.

Pflueger was driving east on Highway 50. He testified that when he was about two city blocks west of the intersection he was driving at a speed of about 40 miles per hour; at that point he observed the lights of the Fay car on Highway 31 a considerable distance north of the intersection; he could not observe its speed but saw that it was in motion; he next saw the lights through the opening between the tavern building and the garage at which time they were more

than 350 feet north of the intersection; he reduced his speed to 30 miles per hour; he next observed the Fay car when the front wheels of his car were about to enter the intersection; the Fay car was in motion and was traveling faster than he was. Davis, because of his death, and Fay, because of amnesia, did not testify.

Pflueger maintains that upon the foregoing testimony, which he claims to be uncontradicted, the court must rule as a matter of law that he was not guilty of negligence as to lookout. His statement that the testimony is uncontradicted is erroneous. Mrs. Anderson, a sister-in-law of defendant Fay, visited Pflueger at a hospital to which he had been taken a short time after the accident. She testified that he told her, "I didn't see them coming and when I did I slammed my brakes on so hard I ripped my boot." This admission though denied by Pflueger,—if there were nothing else,— would suffice to make a jury issue of the question as to his lookout. Pflueger contends, however, that we may not consider the admission as of sufficient weight to make a jury question on the issue. He cites a number of cases in which the court has held that such admissions are the weakest kind of evidence. Those cases must be read in the light of other circumstances attending the making of the admission, such as for instance, that the weight to be accorded them is nullified by other uncontradicted circumstances, or that the witness reciting them is much interested in the result of the case. Whether admissions are weak or strong depends upon the circumstances; they are not necessarily inherently weak evidence, but may be considered by the jury. *Levandowski v. Studey,* 249 Wis. 421, 25 N. W. (2d) 59. We may not say that merely because Mrs. Anderson is a sister-in-law of Fay the jury should not have been permitted to consider her testimony.

As we have pointed out, there was a dispute in the testimony as to the presence of two tractor-trailers at the inter-

section and which Pflueger claims obstructed his view to the north while he traveled the last 200 feet to the intersection. He testified that while traveling that distance he did not see the Fay car and that he next saw it when the front wheels of his car were in the intersection. That the obstruction existed was not established as a verity. The jury might properly have concluded that he failed with respect to maintaining a proper lookout as he traveled the last 200 feet toward Highway 31.

We do not consider it necessary to recite more of the details of the testimony. That to which reference has been made is of itself sufficient to support the jury's finding.

Appellants contend that the court erred in striking the testimony of Officer Morin. He testified that he received a report of the accident at 5:56 a. m., that he drove to the scene in a matter of five or ten minutes, seven or eight minutes elapsed while the two injured persons were prepared for removal to a hospital; he directed Pflueger to take a seat in a wrecker which had arrived and that then Pflueger told him that he thought Fay would stop "but he came right through and hit me." This testimony was stricken. Appellants contend that the statement made to the officer was part of the *res gestae* and should not have been stricken. The ruling resulted in no prejudice to appellants. The statement if made would bear only upon the question whether Fay had stopped—the jury found that he had not.

Appellants contend, however, that the court should have permitted the jury to consider the testimony for the reason that it was consonant with Pflueger's testimony given at the trial and tends to contradict the testimony of Mrs. Anderson as to the admission made by Pflueger to her. They cite *J. F. Rappel Co. v. Manitowoc,* 182 Wis. 141, 195 N. W. 399. In that case testimony of a similar nature offered by defendant was held to have been properly received. The case is not authority for their contention. The testimony there received

was of prior statements made by witnesses inconsistent with their testimony at the trial. That is not the situation here.

Whether a statement made by one is to be considered as part of the *res gestae* is a question of competency to be determined by the trial court and its ruling must be treated as a verity unless manifestly wrong. *Johnson v. State,* 129 Wis. 146, 108 N. W. 55; *Kressin v. Chicago & N. W. R. Co.* 194 Wis. 480, 215 N. W. 908. We may not say that the court's ruling was manifestly wrong, particularly, as we have already observed, appellants were not prejudiced thereby.

Defendants complain of the following instruction:

"You are further instructed that James A. Fay having suffered a complete loss of memory as a consequence of the injuries sustained in the accident and unable to testify as to the facts and circumstances surrounding the accident is presumed in connection with the particular respects where there is no actual evidence as to what his acts or omissions were that he was careful and used due care and circumspection and that he was not negligent in those particular respects, for the law presumes that a person will use ordinary care to protect himself from danger and that he will not knowingly and consciously place himself in imminent danger because of the natural instinct of self-preservation. This presumption is rebuttable and disappears if there is credible evidence in the case reasonably tending to rebut and overcome it."

The instruction is not erroneous. *Vogel v. Vetting,* ante, p. 19, 60 N. W. (2d) 399.

Defendants contend that the trial court erred in excluding parts of Fay's adverse examination relative to a business venture with Davis. Apparently, counsel does not deem this contention of sufficient importance to point out to us how the defendants might have been prejudiced by the exclusion of this testimony.

*By the Court.*—Judgment affirmed.